IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LOU DAVIS and<br>TAMEKA DAVIS,<br>formerly known as<br>TAMEKA SMITH,<br><br>           Plaintiffs,<br><br>   vs.<br><br>BANK OF AMERICA, N.A.,<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:20-cv-04816<br>Judge Bucklo |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Plaintiffs, Lou and Tameka Davis, respond as follows to the motion to dismiss filed by Defendant Bank of America ("BANA").

**I.    INTRODUCTION**

BANA has filed a motion to dismiss which (1) asks the Court to disregard the plain language of an Illinois statute, (2) seeks to change the meaning of another Illinois statute 180 degrees by ellipsizing critical language, and (3) makes arguments as to state law that have been repeatedly rejected by the Illinois reviewing courts. BANA's motion also (4) improperly relies on material outside the complaint that is not even colorably proper under controlling Seventh Circuit authority and (5) improperly cites cases decided on summary judgment as justifying a 12(b)(6) motion. BANA's motion has no merit.

**II.    STATEMENT OF FACTS**

Plaintiffs Lou Davis and Tameka Davis are individuals who reside in the Northern District of Illinois. (Cmplt., ¶4) Defendant BANA is a federally chartered corporation with its principal place of business in North Carolina. (Cmplt., ¶5)

BANA reports debts to credit bureaus for the purpose of facilitating collection of the debts. Credit reporting is "a powerful tool designed, in part, to wrench compliance with payment terms . . .

-1-

." *Rivera v. Bank One,* 145 F.R.D. 614, 623 (D.P.R. 1993). Consumers will often pay a debt, even if the debt is disputed, for the sole purpose of clearing their credit. (Cmplt., ¶6)

In August 2017, BANA held a second mortgage loan on Plaintiffs' former residence. The mortgage secured a line of credit. (Cmplt., ¶7)

Plaintiffs fell behind on their first mortgage, held or serviced by Wells Fargo Bank. (Cmplt., ¶8) Wells Fargo filed a foreclosure action on August 29, 2017, case 17 CH 11820. (Cmplt., ¶9) BANA was named as a defendant in 17 CH 11820 and appeared in the case. (Cmplt., ¶10)

On Sept. 12, 2018 a judgment of foreclosure was entered, directing the sale of Plaintiffs' former residence. (Cmplt., ¶11 and Appendix A) A sale was held. (Cmplt., ¶12) On April 16, 2019, a final judgment approving the sale was entered. (Cmplt., ¶13 and Appendix B) A judicial deed was issued, delivered and recorded. (Cmplt., ¶14 and Appendix C)

Nothing in the judgment of foreclosure or the final judgment approving the sale reserved any right on the part of BANA to pursue a money judgment against Plaintiffs. (Cmplt., ¶15)

Under Illinois law, 735 ILCS 5/15-1509(c), the vesting of title by judicial deed "unless otherwise specified in the judgment of foreclosure, shall be an entire bar of (i) all claims of parties to the foreclosure . . . ." (Cmplt., ¶16)

Consequently, all claims of BANA against Plaintiffs are legally barred. (Cmplt., ¶17) Plaintiffs do not owe anything to BANA on account of the second mortgage loan. (Cmplt., ¶24)

BANA has nevertheless been reporting to the major credit bureaus that Plaintiffs still owe money on account of the second mortgage loan. (Cmplt., ¶18) On March 25, 2020, Plaintiffs, by counsel, wrote to the three major credit bureaus and BANA, demanding correction of Plaintiffs' credit reports to show that no amount remained outstanding. (Cmplt., ¶19 and Appendix D)

The three major credit bureaus, as part of their investigation, contacted BANA. (Cmplt., ¶20) BANA informed the credit bureaus that Plaintiffs still owed over $9,000. (Cmplt., ¶21) BANA contends that Plaintiffs still owe it money. (Cmplt., ¶26) The purported debt continues to be reported on Plaintiffs' credit reports. (Cmplt., ¶22) BANA failed to reasonably investigate

Plaintiffs' dispute when it was communicated to them by the credit bureaus. (Cmplt., ¶25 )

BANA has used one or more collection agencies to dun Plaintiffs for the alleged debt. (Cmplt., ¶27 and Appendix H)

Based on these facts, Plaintiffs seek (1) a declaration that they owe nothing to BANA (Count II), (2) an injunction against further collection efforts (Count II), and (3) damages under the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA") (Count I).

### III. 735 ILCS 5/15-1509(c) APPLIES TO CLAIMS THAT THE BORROWER OWES A DEFICIENCY

BANA's entire position is based on a request for judicial rewriting of 735 ILCS 5/15-1509(c). Section 15-1509(c), as enacted, provides:

> (c) Claims Barred. Any vesting of title by a consent foreclosure pursuant to Section 15-1402 or by deed pursuant to subsection (b) of Section 15-1509, unless otherwise specified in the judgment of foreclosure, shall be an entire bar of (i) all claims of parties to the foreclosure and (ii) all claims of any nonrecord claimant who is given notice of the foreclosure in accordance with paragraph (2) of subsection (c) of Section 15-1502, notwithstanding the provisions of subsection (g) of Section 2-1301 to the contrary. Any person seeking relief from any judgment or order entered in the foreclosure in accordance with subsection (g) of Section 2-1301 of the Code of Civil Procedure may claim only an interest in the proceeds of sale.

Section 15-1509(a)-(b) provides that the court or its appointee shall promptly execute a deed sufficient to convey title to the holder or purchaser following confirmation of the sale and payment, and that delivery of the deed "shall be sufficient to pass the title thereto." This was in fact done in 17 CH 11820.

Vesting of title "shall be an entire bar of . . . all claims of parties to the foreclosure" "unless otherwise specified in the judgment of foreclosure." BANA was a party to 17 CH 11820. "All claims" of BANA are therefore barred.

BANA asks that the Court "construe" 735 ILCS 5/15-1509(c) to mean that "the Order Approving Sale and subsequent Judicial Deed extinguished BANA's collateral interest in the Property pursuant to the Second Mortgage, but had no legal effect on BANA's rights to enforce Plaintiffs' separate contractual obligation to repay the Loan pursuant to the Note." (Def.Mem., pp. 2-3 of 16) There is no basis for any such "construction."

The Illinois Appellate Court has repeatedly held that 735 ILCS 5/15-1509(c) is "clear and unambiguous." *U.S. Bank National Ass'n v. Prabhakaran*, 2013 IL App (1st) 111224, ¶30, 986 N.E.2d 169; *Taylor v. Bayview Loan Servicing, LLC,* 2019 IL App (1st) 172652, ¶12, 2019 WL 3416913, at *3, 2019 Ill. App. LEXIS 643; *BMO Harris Bank Nat'l Ass'n v. LaRosa*, 2017 IL App (1st) 161159, ¶19, 78 N.E.3d 511, 515. Under its plain language, following issuance of a judicial deed in a foreclosure, any claim on a note held by a junior mortgagee is barred. The statutory language is "an entire bar of (i) all claims of parties to the foreclosure". It does not say "some claims" or "all claims except deficiency claims" or "claims to the property."

The Illinois Appellate Court has specifically rejected attempts to limit the §15-1509(c) bar to claims against the property. In *BMO Harris Bank Nat'l Ass'n v. LaRosa, supra,* 2017 IL App (1st) 161159, ¶21-22, 78 N.E.3d 511, 516, the Appellate Court was asked "to read an exception for deficiency judgments into section 15-1509(c) . . . ." The Court refused, "based on the plain and ordinary meaning of the language. *See [People ex rel. Madigan v. Kinzer,]* 232 Ill. 2d [179,] at 184-85, 902 N.E.2d 667 (2009) ('[w]e may not depart from a statute's plain language by reading into it exceptions, limitations, or conditions the legislature did not express')." (*Id.*)

The Appellate Court again rejected an attempt to limit the §15-1509(c) bar to claims against the property in *Taylor v. Bayview Loan Servicing, LLC, supra,* 2019 IL App (1st) 172652, ¶17, where the court held that an action seeking damages for wrongful foreclosure was barred by §15-1509(c). The court held that because title to the property had been transferred by judicial deed the Taylors, who were parties to the foreclosure action, were barred from bringing any claim against Bayview.

The 735 ILCS 5/15-1509(c) bar was applied to a deficiency on a second mortgage in *In re Dancel*, 18bk1399, 2019 WL 521177, 2019 Bankr. LEXIS 362 (Bankr. N.D. Ill. Feb. 5, 2019). Ms. Dancel filed a Chapter 13 after consenting to a judgment of foreclosure in an action brought by the first mortgagee. The holder of a home equity line of credit secured by a second mortgage on the same property filed a proof of claim in the Chapter 13. The court disallowed the proof of claim on the ground that Ms. Dancel's liability on the home equity line of credit was extinguished by the

foreclosure pursuant to 735 ILCS 5/15-1509(c):

> . . . [T]he plain language of 735 ILCS 5/15-1509(c) indicates that "all claims" of a party to the foreclosure are extinguished pursuant to a consent judgment unless otherwise noted. Nowhere in the statute, contrary to Creditor's argument, does there appear an exception for deficiency claims. The long-held rule of statutory construction is first to rely on plain language of the statute itself to effectuate legislative intent. *Gaffney v. Board of Trustees*, 2012 IL 110012 ¶ 56. The plain language of the statute at issue here leaves no room for interpretation: "all claims," including those based on notes accompanying the mortgage, are barred for all parties to the foreclosure proceeding. Had Creditor participated in the foreclosure proceeding and sought an exception in the consent judgment, its claim may have been preserved. Instead . . . Creditor chose to "stick its head in the sand and pretend it would not lose any rights by not participating in the proceedings." *Matter of Pence,* 905 F.2d 1107, 1109 (7th Cir. 1990).
>
> Even if Creditor were correct that its dollar claim based on the accompanying notes was not plainly barred by the Illinois Mortgage Foreclosure Law, it is certainly barred by Illinois precedent. In *First Midwest Bank v. Cobo*, 2017 IL App (1st) 170872, the Illinois court held that, "the same set of operative facts gave rise to the causes of action in the foreclosure complaint and the breach of note complaint." It further held that, "[i]t makes no difference whether plaintiff's theory of relief was based on foreclosure sale and deficiency judgment, or enforcement of the note itself, where both complaint[s] sought to obtain what defendants owed plaintiff under the terms of the note due to default." *Id.* at ¶25. The Cobo court ultimately found that because the same set of operative facts gave rise to both the foreclosure theory and the breach of note theory, res judicata applied, regardless of whether two different theories of relief had been asserted. *Id.*
>
> The instant case is factually very similar. Creditor's foreclosure claim (insofar as it existed before the entry of the consent judgment) and its breach of note claim (which Creditor continues to believe it may proceed on) arise out of the same operative facts: Debtor's non-payment on the Home Equity Line of Credit. Therefore, as in *Cobo*, even if Creditor's claim based on the accompanying note exists contrary to the plain language of the Illinois Mortgage Foreclosure Law, it is barred by res judicata because it arises from the same set of facts as its foreclosure claim which, as discussed above, was absolutely extinguished due to the entry of the consent judgment. (2019 WL 521177, *2-3)

*Cobo* has been affirmed, *First Midwest Bank v. Cobo,* 2018 IL 123038, 124 N.E.3d 926.

Clearly, §15-1509(c) is not limited to claims against the property, but includes claims for money.

"The best indication of legislative intent is the statutory language given its plain and ordinary meaning." *People ex rel. Madigan v. Kinzer*, 232 Ill.2d 179, 184, 902 N.E.2d 667 (2009). "If the language is clear and unambiguous, we must apply the statute without using further aids of statutory construction." *Krohe v. City of Bloomington*, 204 Ill.2d 392, 395, 789 N.E.2d 1211 (2003).

The word "all" used in 735 ILCS 5/15-1509(c) is an "expansive" term. *In re Marriage of*

-5-

*McGrath*, 2012 IL 112792, ¶8, 970 N.E.2d 12; *Stern v. Wheaton-Warrenville Community Unit School Dist. 200*, 233 Ill.2d 396, 405, 910 N.E.2d 85, 91 (2009); *Ed's Pallet Services, Inc. v. Applied Underwriters, Inc.*, 15cv1163, 2017 WL 9287091, *3 (S.D.Ill., April 7, 2017) ("all disputes" is "expansive" and all-inclusive).

Clearly, the General Assembly knew how to refer to interests in the property or its proceeds when it so desired. The last sentence of 735 ILCS 5/15-1509(c) states, "Any person seeking relief from any judgment or order entered in the foreclosure in accordance with subsection (g) of Section 2-1301 of the Code of Civil Procedure may claim only an interest in the proceeds of sale." Indeed, BANA cites 735 ILCS 5/15-1404[1] and 735 ILCS 5/15-1506(i)(2),[2] both of which refer to the mortgaged real estate. The Legislature instead used "all claims" in 735 ILCS 5/15-1509(c).

The use of different terms requires attribution of a different meaning. *Bostock v. Clayton Cty.*, 140 S. Ct. 1731, 1829, 207 L. Ed. 2d 218, 326 (2020) ("When interpreting statutes, as the Court has often said, we usually presume differences in language convey differences in meaning"). Furthermore, the Appellate Court has rejected BANA's position that 735 ILCS 5/15-1404, 735 ILCS 5/15-1506(i)(2), or other sections of the Foreclosure Act referring to the property somehow limit the scope of 735 ILCS 5/1³5-1509(c). *BMO Harris Bank Nat'l Ass'n v. LaRosa, supra,* 2017 IL App (1st) 161159, ¶22, 78 N.E.3d at 516.

Under the plain language of 735 ILCS 5/15-1509(c), following issuance of a judicial deed in a foreclosure, any claim on a note or credit agreement held by a junior mortgagee made a party to

---

[1] "Except as provided in subsection (d) of Section 15-1501 [735 ILCS 5/15-1501], the interest in the mortgaged real estate of (i) all persons made a party in such foreclosure and (ii) all nonrecord claimants given notice in accordance with paragraph (2) of subsection (c) of Section 15-1502 [735 ILCS 5/15-1502], shall be terminated by the judicial sale of the real estate, pursuant to a judgment of foreclosure, provided the sale is confirmed in accordance with this Article."

[2] "Upon the entry of the judgment of foreclosure, the rights in the real estate subject to the judgment of foreclosure of (i) all persons made a party in the foreclosure and (ii) all nonrecord claimants given notice in accordance with paragraph (2) of subsection (c) of Section 15-1502 [735 ILCS 5/15-1502], shall be solely as provided for in the judgment of foreclosure and in this Article."

the foreclosure, such as BANA, is barred "unless otherwise specified in the judgment of foreclosure."

Judicial rewriting of §15-1509(c) is particularly inappropriate because it contains an express exception: "unless otherwise specified in the judgment of foreclosure". Delivery of a judicial deed following foreclosure thus protects the homeowner against later claims by parties to the foreclosure, so he can go about rebuilding his life. A homeowner against whom claims are expressly reserved can consider whether bankruptcy is necessary to secure a "fresh start."

BANA makes the final argument that "Plaintiffs' interpretation of Section 15-1509(c) creates the absurd result that claims between the parties that are unrelated to extinguishment of interests in the foreclosed property, such as a personal injury claim, are barred." Suffice it to say that (1) this case does not involve personal injury claims or other claims totally unrelated to the foreclosed property, and (2) a court advised of existing, unrelated claims would likely provide that they are not barred.

### A. BANA Inverts the Meaning of 735 ILCS 5/15-1511 by Ellipsizing Critical Language

BANA cites no authority supporting its assertion that "all claims" means "all claims to the property," or "all claims except deficiency claims," or something else other than "all claims." Instead, it cites (Def.Mem., p. 5 of 16) 735 ILCS 5/15-1511 for this supposed proposition:

> [F]oreclosure of a mortgage does not affect a mortgagee's rights, if any, to obtain a personal judgment against any person for a deficiency

What 735 ILCS 5/15-1511 *actually* says is:

> Sec. 15-1511. Deficiency. **Except as expressly prohibited by this Article,** foreclosure of a mortgage does not affect a mortgagee's rights, if any, to obtain a personal judgment against any person for a deficiency.

Thus, the full text recognizes that other provisions in "this Article" may prohibit a mortgagee's rights to obtain a personal judgment for a deficiency. 735 ILCS 5/15-1509(c) is such a provision. BANA's ellipsizing essentially inverts the meaning of 735 ILCS 5/15-1511. This exceeds the bounds of legitimate advocacy.

### B. The *Hickey* Case Does Not Support BANA

BANA also cites *Hickey v. Union Nat'l Bank & Trust Co.*, 190 Ill. App. 3d 186, 190 (3d Dist. 1989), for the proposition that "a mortgage and accompanying promissory note constitute separate contracts." (Def.Mem., pp. 4-5 of 16) No one disputes this. However, they are clearly interrelated – BANA certainly can't obtain both the property and the full amount of the note. The Illinois General Assembly has the right to provide that when a foreclosure sale is approved all further claims by a party to the foreclosure are barred except as specified in the judgment. It did just that.

## IV. THE FORECLOSURE JUDGMENT DID NOT "OTHERWISE SPECIFY"

BANA claims that it was entitled to pursue a claim for damages because the foreclosure judgment stated that parties to the foreclosure "shall be forever barred and foreclosed of any right, title, interest, claim, lien or right to redeem in and to the mortgaged real estate." (Def.Mem., p. 7 of 16) BANA suggests that this implies that other claims are not barred.

The language relied upon by BANA does not satisfy the requirement of 735 ILCS 5/15-1509(c) that "**unless otherwise specified** in the judgment of foreclosure," vesting of title "shall be an entire bar of (i) all claims of parties to the foreclosure and (ii) all claims of any nonrecord claimant who is given notice of the foreclosure . . . ." (Emphasis added) "Unless otherwise specified" requires affirmative authorization. *United States v. Williamson*, 439 F.3d 1125, 1140 (9th Cir. 2006). A statement that certain claims are barred does not affirmatively authorize other claims.

## V. BANA VIOLATED THE FCRA

BANA's discussion of credit reporting industry standards is nothing more than an improper attempt to confuse the Court with irrelevant "facts" and documents outside the complaint.

Plaintiffs' FCRA claim is very simple: "BANA has nevertheless been reporting to the major credit bureaus that Plaintiffs still owe money on account of the second mortgage loan" when they owe nothing. (Cmplt., ¶18) The difference between owing $9,000 and owing zero has nothing to do with "credit reporting industry" standards.

BANA asserts that "Given that BANA's credit reporting is directly referenced in the

Complaint, attached as exhibits to the Complaint, and is central to Plaintiffs' claim, and given that BANA's credit reporting involves codes, Exhibit D gives color to allegations regarding Plaintiffs' FCRA claim. As such, it may be considered by this Court without converting the instant motion to a motion for summary judgment."

This is frivolous and absurd. A motion under Rule 12(b)(6) can only be based on "the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice. . . . If a moving party relies on additional materials, the motion must be converted to one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d)." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012); *accord, Reed v. Palmer*, 906 F.3d 540, 548 (7th Cir. 2018). This is the general rule: consideration of documents outside the complaint is improper on a motion to dismiss unless (1) the documents are referred to in or integral to the complaint, _and_ (2) there is no dispute as to their genuineness, completeness, and authenticity, _and_ (3) determination of their legal effect does not require resolution of factual issues. *DiFolco v. MSNBC Cable, L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 154 (2d Cir. 2002).

The documents offered by BANA are not critical to the complaint. They are not referred to in it at all. Nor are they subject to judicial notice. Furthermore, Plaintiffs dispute their completeness, authenticity and effect. A reference to false credit reporting does not authorize Defendant to introduce whatever credit reporting industry documents it considers relevant, without allowing Plaintiff discovery into what industry standards might apply and whether any industry standards permit reporting that $9,000 is due when nothing is owed.

## VI. PLAINTIFFS SUFFICIENTLY ALLEGE DAMAGES

Plaintiffs allege that "BANA [has] informed the credit bureaus that Plaintiffs still owed over $9,000" (Cmplt., ¶21), that such purported debt "continues to be reported on Plaintiffs' credit reports" (Cmplt., ¶22), that in fact "Plaintiffs do not owe anything to BANA on account of the second mortgage loan" (Cmplt., ¶24), that "BANA's credit reporting has damaged Plaintiffs' credit"

(Cmplt., ¶28) and that " Plaintiffs have also been damaged through loss of time and money dealing with BANA's credit reporting, distress and aggravation." (Cmplt., ¶29).

BANA claims that these allegations are insufficient to allege actual damages because "Plaintiffs . . . do not allege that their alleged damages were *caused by* the alleged inaccurate reporting." (Def.Mem., p. 10 of 16)

BANA cites cases decided on **summary judgment,** *Jackson v. Experian Info. Sols., Inc.*, 236 F. Supp. 3d 1058, 1063 (N.D. Ill. Feb. 16, 2017); *Ruffin–Thompkins v. Experian Info. Sols., Inc.*, 422 F.3d 603, 608 (7th Cir. 2005); *Bagby v. Experian Info. Solutions, Inc.,* 162 Fed. Appx. 600 (7th Cir. 2006); and *Wantz v. Experian Info. Solutions*, 386 F.3d 829 (7th Cir. 2004), for what must be **alleged in a complaint.** This is fundamentally wrong. Indeed, the *Jackson* court denied a motion to dismiss, 2016 U.S. Dist. LEXIS 65846 (N.D.Ill., May 19, 2016), before granting summary judgment after discovery and full consideration of the evidence.

A plaintiff "is not required to prove [his] case in [his] complaint, even in the post-*Twombly* and *Iqbal* environment: the Federal Rules still follow a notice-pleading regime, and they do not 'impose a probability requirement on the plaintiffs.'" *Motorola. Inc. v. Lemko Corp.*, 08cv5427, 2010 WL 960348, at *3, 2010 U.S. Dist. LEXIS 25778 (N.D. Ill. Mar. 15, 2010), quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Rather, a plaintiff need only provide sufficient plausible facts to put the defendant on notice of his claims. *Brooks*, 578 F.3d at 581. "Even after *Twombly*, courts must still approach motions under Rule 12(b)(6) by 'constru[ing] the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor.' " *Hecker v. Deere & Co.,* 556 F.3d 575, 580 (7th Cir. 2008). "A plaintiff need not prove her case in the complaint," but merely show facts "beyond simple conjecture that the plaintiff is entitled to relief." *Wilson v. AT&T Inc.*, 1:09cv58, 2010 WL 987737 at *1, 2010 U.S. Dist. LEXIS 23412 (S.D. Ind. Mar. 12, 2010).

There is simply no requirement that every fact that must ultimately be proven be alleged in a complaint:

> We have distinguished notice pleading from evidentiary proof by stressing that "[f]acts that substantiate the claim ultimately must be put into evidence, but the rule 'plaintiff needs to prove Fact Y' does not imply 'plaintiff must allege Fact Y at the outset.'" *Vincent v. City Colleges of Chicago*, 485 F.3d 919, 923-924 (7th Cir. 2007). Further, we have admonished that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain ...' should stop and think: What rule of law requires a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original).

*Lang v. TCF National Bank*, 249 Fed.Appx. 464, 466 (7th Cir. Sept. 21, 2007). *Accord, Huber v. Trans Union, LLC*, 4:11cv139, 2012 WL 3045686, *4, 2012 U.S. Dist. LEXIS 103566 (S.D.Ind., July 25, 2012); *Hornbeck Offshore Transp., LLC v. United States*, 563 F.Supp.2d 205, 216 (D.D.C. 2008) ("the plaintiff is under no obligation to allege in its complaint facts corresponding to each element of a statute.").

One case cited by BANA in which a motion to dismiss was granted, *Novak v. Experian Info. Sols., Inc.*, 782 F. Supp. 2d 617, 623 (N.D. Ill. 2011), involved a different type of FCRA violation – obtaining a credit report for an impermissible purpose – and the only thing in the complaint about damages from that violation was "the threadbare allegation that he 'was damaged by these violations.'" Here, Plaintiffs list specific types of damages. Their complaint is sufficient.

### VII. PLAINTIFFS HAVE A VALID CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF

Although the first 13 pages of BANA's brief discuss the controversy between Plaintiffs and BANA as to whether Plaintiffs owe BANA a significant sum of money, BANA asserts (Def.Mem., pp. 13-14 of 16) that Plaintiffs have not "properly plead a claim for declaratory relief under Illinois law," as if this case was at the Daley Center. BANA follows this assertion with the strange statement that "Plaintiffs' allegations do not support a cognizable FCRA claim, and thus, there is no actual controversy between Plaintiffs and BANA to support a request for declaratory and injunctive relief." (Def.Mem., p. 14)

The claim for declaratory and injunctive relief has nothing to do with the FCRA. BANA asserts that Plaintiffs owe it money. Plaintiffs assert that under the facts and applicable state law they owe nothing. A declaratory judgment is an appropriate means of resolving such a dispute.

*Tepper v. County of Lake*, 233 Ill.App.3d 80, 82, 598 N.E.2d 361, 362 (2d Dist. 1992) (consumer of municipal water filed declaratory judgment action seeking declaration that bill claiming delivery of 126,200 gallons of water to a residence was invalid and that bill was not owed); *Weinmann v. Zurich Am. Ins. Co.,* 10cv827, 2010 U.S. Dist. LEXIS 94962, *5, 2010 WL 3720671 (E.D.La. Sept. 13, 2010) (dispute as to deductible under insurance policy). Such a declaration "relieve[s] potential defendants from the Damoclean threat of impending litigation which a harassing adversary might brandish, while initiating suit at his leisure -- or never." *Societe de Conditionnement en Aluminum v. Hunter Engineering Co.*, 655 F.2d 938, 943 (9th Cir. 1981).

With respect to injunctive relief, the complaint alleges that BANA has engaged in extrajudicial collection methods, such as dunning and credit reporting, to coerce payment of the amount not owed. If BANA is not entitled to Plaintiffs' money, Plaintiffs are entitled to a permanent injunction preventing BANA from attempting to enforce the nonexistent debt. *Sykes v. Mel Harris & Assocs., LLC,* 09cv8486, 2016 U.S. Dist. LEXIS 74566 (S.D.N.Y. May 24, 2016) (stipulated injunction against debt collection activities).

## VIII.  CONCLUSION

Defendant's motion to dismiss should be denied.

Respectfully submitted,

*/s/Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Tara L. Goodwin
Carly M. Cengher
**EDELMAN, COMBS, LATTURNER
 & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:
courtecl@edcombs.com

## CERTIFICATE OF SERVICE

    I, Daniel A. Edelman, hereby certify that on Tuesday, October 27, 2020, I caused a true and accurate copy of the foregoing document to be filed via the courts CM/ECF online system, which sent notice via email to all counsel of record.

                                                 */s/Daniel A. Edelman*
                                                 Daniel A. Edelman

Daniel A. Edelman
Tara L. Goodwin
Carly M. Cengher
**EDELMAN, COMBS, LATTURNER**
    **& GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:
courtecl@edcombs.com