```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION
```

| | |
|---|---|
| Lou Davis and Tameka Davis, formerly known as Tameka Smith, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 20 C 4816 ) |
| Bank of America, N.A. | ) ) |
| Defendant. | ) |

Memorandum Opinion and Order

The complaint in this case alleges that Bank of America, N.A. ("BANA") violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C § 1681s-2(b), § 1681n, and/or § 1681o by reporting to the three major credit agencies a debt it claimed plaintiffs owed it when, in fact, plaintiffs owe BANA nothing. Specifically, plaintiffs claim that BANA failed reasonably to investigate the disputed debt; provided false information to the credit agencies regarding the disputed debt; and was willful or negligent in these violations. Additionally, plaintiffs bring a claim for declaratory and injunctive relief under Illinois law, asking me to declare that they do not owe BANA the debt in question and enjoining BANA for further efforts to enforce it. BANA has moved to dismiss the complaint. I deny the motion.

The events giving rise to this lawsuit are not in dispute. Plaintiffs formerly owned a condominium in Chicago that secured two

loans: a first mortgage held or serviced by Wells Fargo, and a second mortgage held by BANA. After plaintiffs fell behind on the first mortgage, Wells Fargo filed a foreclosure action in August of 2017. BANA was named as a defendant in the action and appeared in the case. In September of 2018, a judgment of foreclosure was entered and the property sold. The sale was approved, and the foreclosure judgment became final, in April of 2019, after which a judicial deed was issued, delivered and recorded. Compl. at ¶¶ 7-14.

Nothing in the final judgment of foreclosure reserved BANA's right to pursue a claim for money damages against plaintiffs. Yet BANA has sought collection of over $9,000 that it claims plaintiffs owe on a Note accompanying the second mortgage, and it has reported the disputed debt to Equifax, TransUnion, and Experian, damaging plaintiffs' credit. Further, plaintiffs claim to have wasted time and money in an effort to correct the information on their credit report.

BANA's motion to dismiss primarily challenges the parties' underlying dispute—whether plaintiffs owe an enforceable debt to BANA—as indeed, plaintiffs' claims go nowhere if the debt is valid. Plaintiffs claim that any debt they may have owed BANA in connection with the second mortgage became unenforceable when the judicial deed was issued pursuant to the final judgment of foreclosure on the first mortgage, which did not specify that BANA retained the right to

2

pursue a claim for deficiency against plaintiffs. Plaintiffs point to 735 ILCS 5/15-1509(c), which states:

> Claims Barred. Any vesting of title by a consent foreclosure pursuant to Section 15-1402 or by deed pursuant to subsection (b) of Section 15-1509, unless otherwise specified in the judgment of foreclosure, shall be an entire bar of (i) all claims of parties to the foreclosure and (ii) all claims of any nonrecord claimant who is given notice of the foreclosure in accordance with paragraph (2) of subsection (c) of Section 15-1502, notwithstanding the provisions of subsection (g) of Section 2-1301 to the contrary.

735 Ill. Comp. Stat. Ann. 5/15-1509.

Defendant argues that notwithstanding this section's language facially barring "all claims," upon "vesting of title...by deed pursuant to subsection (b) of Section 15-1509," its claim for deficiency survived the final judgment of foreclosure because that claim arises from a "separate contractual obligation" plaintiffs owe under a Note that accompanied the second mortgage. In defendant's view, the foreclosure action—which culminated in a final judgment of foreclosure and vesting of title by deed—had "no effect" on BANA's ability to pursue a contractual remedy under the Note; it merely extinguished BANA's collateral interest in plaintiffs' condominium. But the plain language of § 15-1509(c) does not allow for that interpretation. The statute expressly states that the vesting of title by deed "shall be an entire bar of...all claims" of parties to the foreclosure, and Illinois Courts have held that the statute means what it says. *BMO Harris Bank Nat'l Ass'n v. LaRosa*, 2017 IL App (1st) 161159, ¶ 19, 78 N.E.3d 511, 515 (Ill. App. 2017) (declining

3

to allow post-foreclosure challenge to deficiency claim, noting that "section 15-1509(c)'s language is very clear—all claims of the parties to the foreclosure are barred."). *See also Adler v. Bayview Loan Servicing, LLC*, 2020 IL App (2d) 191019, ¶ 19, ---N.E.3d--- (Ill. App. Ct. 2020) (deficiency judgments are not excepted from rule that "all claims" are barred); *Taylor v. Bayview Loan Servicing, LLC*, 2019 IL App (1st) 172652, ¶ 12, ---N.E.3d--- (Ill. App. Ct. 2019) (statutory language barring "all claims" is "clear and unambiguous" (quoting *U.S. Bank National Ass'n v. Prabhakaran*, 2013 IL App (1st) 111224, ¶ 30, 369 Ill. Dec. 220, 986 N.E.2d 169 (Ill. App. Ct. 2013)).

BANA's only response to these cases is to point out that they did not involve the exact claim at issue here: a deficiency claim brought by a junior lienholder based on a note accompanying a mortgage. But BANA offers no reasoned explanation for why this specific scenario falls outside the scope of the bar, and I discern none. At any rate, *In re Dancel*, No. 18 BK 01399, 2019 WL 521177, at *1 (Bankr. N.D. Ill. Feb. 5, 2019), *did* involve a deficiency claim brought by a junior lienholder, and the bankruptcy court held that it was barred by § 15-1509(c).

BANA's citation to 735 ILCS 5/15-1511, which it cites for the proposition that "[F]oreclosure of a mortgage does not affect a mortgagee's rights, if any, to obtain a personal judgment against any person for a deficiency," does not change the analysis. To the

4

contrary, BANA's argument borders on deceptive advocacy, as it selectively omits the beginning of the cited provision, which reads in full: "*Except as expressly prohibited by this Article*, foreclosure of a mortgage does not affect a mortgagee's rights, if any, to obtain a personal judgment against any person for a deficiency." (Emphasis added). Because section 15-1511 articulates just such an express prohibition, defendant's omission of that phrase is not well taken.

The remaining grounds BANA asserts for dismissal of plaintiff's FCRA claim require little discussion. The first is that plaintiffs fail to plead adequately that BANA's reporting to the credit agencies was "inaccurate and did not comply with industry standards." But a report stating that plaintiffs owed BANA money when in fact they owed it none is certainly inaccurate. And even assuming that BANA's compliance with "industry standards" is relevant to plaintiffs' claims, that is not an issue that can be resolved at this stage. BANA's final argument is that plaintiffs suffered no damages as a result of the alleged FCRA violations. This argument, too, is premature at this stage.

Lastly, BANA claims that plaintiffs are not entitled to injunctive or declaratory relief because they have not pled an actionable claim under the FCRA. That argument lacks merit for the reasons stated above. Moreover, there is no question that plaintiffs have articulated an actionable dispute over whether they owe any debt to BANA, and if plaintiffs can establish that they do not, they

5

may be entitled to a declaration to that effect. *See Tepper v. Cty. of Lake*, 598 N.E.2d 361, 362 (1992). Similarly, if the dunning letters they claim to have received suggest that a nonexistent debt is owed, plaintiffs may be entitled to an order enjoining BANA from causing additional such letters to be sent.

For the foregoing reasons, the motion to dismiss is denied.

**ENTER ORDER:**

*[signature: Elaine E. Bucklo]*

**Elaine E. Bucklo**
United States District Judge

Dated: January 25, 2021